of law that it neither shipped the ordered goods nor performed the ordered work. Present—Pine, J.P., Wisner, Scudder, Burns and Gorski, JJ.

■ BRADLEY R. NAYLOR, Individually and as Administrator of the Estate of ANGELA M. NAYLOR, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 89595.) (Appeal No. 1.) [739 NYS2d 309] —Appeal from a judgment of the Court of Claims (Fitzpatrick, J.), entered November 30, 2000, which dismissed the claim after a nonjury trial.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs for reasons stated in decision at the Court of Claims, Fitzpatrick, J. Present—Pine, J.P., Wisner, Scudder, Burns and Gorski, JJ.

■ PENNY D. BELL, Individually and as Administratrix of the Estate of CARL L. BELL, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 91860.) (Appeal No. 2.) [739 NYS2d 310] —Appeal from a judgment of the Court of Claims (Fitzpatrick, J.), entered November 30, 2000, which dismissed the claim after a nonjury trial.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs for reasons stated in decision at the Court of Claims, Fitzpatrick, J. Present—Pine, J.P., Wisner, Scudder, Burns and Gorski, JJ.

■ STEPHEN R. BOMBARD, Appellant, v CHRISTIAN MISSIONARY ALLIANCE OF SYRACUSE et al., Respondents. [739 NYS2d 516] —Appeal from that part of an order of Supreme Court, Onondaga County (Murphy, J.), entered November 17, 2000, that denied plaintiff's motion for partial summary judgment.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is granted.

Memorandum: We agree with plaintiff that Supreme Court erred in denying his motion for partial summary judgment on liability under Labor Law § 240 (1) because there are no triable issues of fact concerning the manner in which the accident occurred or whether the actions of plaintiff were the sole proximate cause of his injuries. Plaintiff testified at his deposition that he was on the scaffolding when it moved and began to shake, and that he next recalled waking up in the hospital. It is undisputed that the scaffolding fell over when one of its wheels fell into a sump pump opening in the floor. The deposition testimony of a field superintendent that the accident occurred while plaintiff was moving the scaffolding constitutes